UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANBASA TRAZELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-1609 (UNA) |
| DISTRICT OF COLUMBIA, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v.*

1

*Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  It also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a District of Columbia resident, has filed a Complaint for Declaratory and Injunctive Relief against the District of Columbia.  The complaint is nearly impossible to follow.  Plaintiff begins: "In November 2019 it was discovered from a FOIA request that during the Department of Correction's hiring process, official forms were altered giving the presumption of unsuitability; thus, permanently barring complainant from employment."  Compl. at 2.  The wide-ranging allegations that follow are "rambling, disjointed, incoherent" and "confusing" and thus  "patently fail [Rule 8(a)'s] standard[.]"  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  Therefore, this case will be dismissed without prejudice.  A separate order accompanies this Memorandum Opinion.

```
                                        SIGNED:    EMMET G. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE
```
DATE:  June 29, 2020